UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LILLIE LEWIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:16-cv-01882-NCC |
| | ) |
| JOHNSON & JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' Motion to Remand this case to state court. (Doc. No. 19). The motion has been fully briefed. The Court takes up this motion first, as the question of whether this Court has jurisdiction is a threshold issue. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 29). For the reasons stated herein, the case is hereby remanded to the Twenty-Second Circuit Court of the State of Missouri.

**I. Background**

Plaintiffs filed this action on October 12, 2016 in the Circuit Court of the City of St. Louis, Missouri. (Doc. No. 1–7). An Amended Petition was filed on November 14, 2016. *Id.* Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. (collectively "J & J Defendants") filed for removal of this case to federal court on November 30, 2016. (Doc. No. 1). Defendant Imerys Talc America, Inc. ("Imerys") consented to the removal. (Doc. No. 13).

Plaintiffs are twenty-six women (or in the case of the deceased, their personal representatives) who allegedly developed ovarian cancer after using talcum powder or a talc-based product for feminine hygiene purposes. Plaintiffs claim that they are variously citizens of

Arizona, California, Florida, Illinois, Kansas, Massachusetts, Michigan, Missouri, Nevada, New Jersey, Oregon, Pennsylvania, Texas, Utah, Washington and Wisconsin. According to the Amended Petition, six of these women are citizens of Missouri or were when they were living.

The J & J Defendants are New Jersey corporations with their principal places of business in New Jersey. Defendant Imerys is a Delaware Corporation with its principal place of business in California, though registered to do business in the State of Missouri. Imerys is alleged to be successor in interest to Luzenac America, Inc. Plaintiffs allege that all defendants are involved in the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the products known as Johnson & Johnson Baby Powder and Shower-to-Shower.

Plaintiffs assert claims of strict liability for failure to warn, strict liability based on defective design, negligence, negligent misrepresentation, fraud, civil conspiracy, "concert of action," breach of express warranty, breach of implied warranty, violation of the Missouri Merchandising Practices Act (§ 407.020 R.S.Mo. *et seq.*), and wrongful death. They also assert a claim for punitive damages.

Defendants removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. With respect to diversity jurisdiction, Defendants argue that although there is a lack of complete diversity on the face of the Amended Petition, the Court should dismiss the claims of the non–Missouri plaintiffs for lack of personal jurisdiction, at which point complete diversity would exist. Defendants also argue that diversity jurisdiction exists because Plaintiffs' claims have been fraudulently misjoined in an attempt to keep the case out of federal court.

On December 8, 2016, Plaintiffs filed the instant motion to remand this case, arguing that the Court should address subject matter jurisdiction before personal jurisdiction and that the

Court should remand the case for lack of subject matter jurisdiction because there is no complete diversity. Defendants oppose the motion to remand.

**II. Legal Standard**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). *See also* 28 U.S.C. § 1441(a). After removal, a party may move to remand the case to state court, and the case should be remanded if it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party invoking federal jurisdiction and seeking removal bears the burden of establishing federal jurisdiction, and all doubts about federal jurisdiction are resolved in favor of remand. *Central Iowa Power Co–op, v Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

**III. Discussion**

A court may not proceed at all in a case unless it has jurisdiction. *Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). The initial dispute between the parties concerns whether the Court should first consider the issue of subject matter jurisdiction or the issue of personal jurisdiction. Plaintiffs argue that the Court should first consider whether it has subject matter jurisdiction over the case, and that it should find no subject matter jurisdiction and remand the case. Defendants argue that the Court should first consider whether it has personal jurisdiction over particular Plaintiffs' claims, dismiss any claims over which it does not have personal jurisdiction, and only then evaluate whether it has subject matter jurisdiction.

In *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), the Supreme Court noted that "in most instances subject-matter jurisdiction will involve no arduous inquiry," and that in such cases, "both expedition and sensitivity to state courts' coequal stature should impel the federal

court to dispose of that issue first." *Id.* at 587–88. It is within a court's discretion, however, to consider the issue of personal jurisdiction first in cases where the question is straightforward and presents no complex question of state law, and the issue of subject matter jurisdiction raises a difficult and novel question. *Id*. at 588.

The Court finds that the subject matter jurisdiction question here is straightforward and involves no arduous inquiry and, therefore, the Court will consider the subject matter jurisdiction question first. This decision mirrors those made by other judges in this District on essentially-identical cases involving talc-related injury claims. *See Hogans v. Johnson & Johnson,* No. 4:14–CV–1385, 2014 WL 4749162, at *3 (E.D.Mo. Sept. 24, 2014); *Swann v. Johnson & Johnson,* No. 4:14-CV-1546 CAS, 2014 WL 6850776, at *3 (E.D. Mo. Dec. 3, 2014)[1]

A federal district court has original jurisdiction over a civil action in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the litigants. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, complete diversity is lacking on the face of the Amended Petition because there are Plaintiffs who are alleged to be citizens of New Jersey and California—states where Defendants are also citizens.

Defendants argue, however, that the "fraudulent misjoinder" doctrine provides an

---

[1] This approach has been taken by judges in this District in similar recent cases not involving Defendants. *See Whitlock v. Bayer Corp.,* No. 4:16-CV-1913-SPM, 2017 WL 564489, at *2 (E.D. Mo. Feb. 13, 2017); *Jones v. Bayer Corp.,* No. 4:16–CV–1192–JCH, 2016 WL 7230433, at *2 n.3 (E.D. Mo. Dec. 14, 2016); *Tenny v. Bayer Healthcare, LLC*, No. 4:16–CV–1189–RLW, 2016 WL 7235705, at *2 (E.D. Mo. Dec. 13, 2016); *Dorman v. Bayer Corp*., No. 4:16–CV–601–HEA, 2016 WL 7033765, at *1 (E.D. Mo. Dec. 2, 2016). See *Clark v. Pfizer, Inc*., No. 4:15–CV–546–HEA, 2015 WL 4648019, at *2 (E.D. Mo. Aug. 5, 2015) (noting that the "great weight of authority from this District" favors treating subject matter jurisdiction before personal jurisdiction where practicable).

exception to the requirement of complete diversity here. Fraudulent misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a non-diverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *Prempro*, 591 F.3d at 620 (quotation omitted).

The Eighth Circuit has not adopted the doctrine of fraudulent misjoinder. The Court of Appeals has noted, however, that if it were to adopt the doctrine, only an "egregious" misjoinder would warrant its application. *See Prempro*, 591 F.3d at 622. By way of concrete example, the Eighth Circuit held that the alleged misjoinder in *Prempro* was "not so egregious as to constitute fraudulent misjoinder." *Id.* at 622. In that case, the plaintiffs' claims arose from a series of transactions between pharmaceutical manufacturers and individuals that have used their products, where the individuals developed breast cancer afterward, alleging that the manufacturers had a defective product but conducted a national sales and marketing campaign to falsely promote the safety and benefits of those products and understated the associated risks. As in this case, only a subset of the plaintiffs shared citizenship with one of the defendants. The Court of Appeals found that "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." *Id.* at 623.

The Court in this matter similarly finds that the alleged misjoinder, even if that were a recognized doctrine in the Eighth Circuit, is not so egregious as to constitute fraudulent misjoinder. Each Plaintiff alleges injury from the same products, and those injuries allegedly arose from wrongful conduct with regard to the development, distribution, marketing, and sales practices for those products. The claims in this case are connected to one another as the claims in

*Prempro*, and the claims appear to involve common issues of law and fact. The differences between the claims are not sufficient to suggest that there is no logical nexus between the claims attributable to the diverse Plaintiffs and the non-diverse Plaintiffs.

Because the fraudulent misjoinder doctrine does not apply here and there is no complete diversity, the Court finds that diversity jurisdiction does not exist.

**IV. Conclusion**

Because the Court lacks subject matter jurisdiction over this case, it will grant Plaintiffs' motion to remand this case to state court. Any remaining questions about personal jurisdiction or improper joinder may be addressed by the state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, Twenty-Second Circuit, pursuant to the separate Order of Remand.

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED** without prejudice, as moot.

Dated this 10th of March, 2017.

                                                       /s/ Noelle C. Collins  
                                                     NOELLE C. COLLINS  
                                                     UNITED STATES MAGISTRATE JUDGE